**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VESTER L. PATTERSON, | No. 16-16489 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00719-AC |
| v. | |
| JOHN CLARK KELSO, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Allison Claire, Magistrate Judge, Presiding[**]

Submitted September 26, 2017[***]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Vester L. Patterson, a California state prisoner, appeals pro se from the

district court's judgment dismissing his action alleging a negligence claim against

the receiver of the California prison medical system.  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Serra v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010). We affirm.

The district court properly dismissed Patterson's action because Patterson failed to allege facts sufficient to state a negligence claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Ladd v. County of San Mateo*, 911 P.2d 496, 498 (Cal. 1996) (elements of a general negligence claim under California law).

The district court did not abuse its discretion by denying leave to amend because amendment would be futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that "[a] district court acts within its discretion to deny leave to amend when amendment would be futile"). Specifically, Patterson failed to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA") and Kelso is entitled to quasi-judicial immunity. *See* 28 U.S.C. § 2675(a) (setting forth FTCA's administrative exhaustion requirement); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (the FTCA bars a claimant from bringing suit in federal court unless the claimant has first exhausted administrative remedies); *Stump v. Sparkman*, 435

U.S. 349, 355-56 (1978) (explaining doctrine of judicial immunity); *Mosher v. Saalfeld*, 589 F.2d 438, 442 (9th Cir. 1978) (judicial immunity extends to court-appointed receivers).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellee's request for judicial notice (Docket Entry No. 18) is denied as unnecessary.

**AFFIRMED.**